STATE OF NORTH CAROLINA v. RONALD BANKS

No. 8721SC608

(Filed 16 February 1988)

**Searches and Seizures § 15— leased premises—standing of defendant to challenge
     lawfulness of search**

> Without any showing that defendant occupied or maintained control of the
> entirety of the premises by way of the lessor's permission, an informal lease
> agreement, or by some evidence that he paid rent for the premises, defendant
> failed to show the required expectations of privacy respecting the remainder

of the house outside his bedroom sufficiently to give him standing to challenge a search of the house.

APPEAL by defendant from *Collier, Robert A., Judge.* Judgment entered 5 March 1987 in FORSYTH County Superior Court. Heard in the Court of Appeals 8 December 1987.

Defendant appeals his conviction for possession of a controlled substance with intent to sell pursuant to N.C. Gen. Stat. § 90-95(a)(1) (1985). Defendant moved to suppress evidence obtained under a warrant which the trial court had ruled invalid due to the absence of the issuing deputy clerk's signature as required under N.C. Gen. Stat. § 15A-246 (1983). Defendant's pretrial Motion to Suppress was denied.

The State's evidence at trial tended to show that on 24 September 1986, Detective V. J. Hutchinson applied for a warrant to search a residence located at 619 Mt. Vernon Street, Winston-Salem. Hutchinson made application for the warrant with an affidavit stating probable cause based on a tip received from an informant that sales of cocaine had been observed at the above address. Hutchinson, unaware of the deputy clerk's failure to sign the warrant, executed the warrant.

On execution of the warrant, the police entered the front door of the residence which led into the living room. Another door was located directly before the front door which led to a "back room." The "back room" door was locked with a slide lock. A small hole was located about chest high in the door. A "keep out" sign hung on the door. A door on the right of the living room led to a bedroom.

The search of the entire house resulted in locating cocaine in various containers in the back room. The back room also contained a police scanner and a police call radio guide. The bedroom contained men's clothing, a bed, a picture of defendant, a stereo system and documents bearing defendant's name. The remaining rooms contained a tap alert attached to the telephone along with two hand-rolled marijuana cigarettes, a small birthday cake, several beer cans and cups.

Detective Hutchinson found a rental agreement bearing the name of Ella Simpson as lessee for the residence at 619 Mt. Ver-

non Street. The evidence further showed that both the electric and water bills were addressed to Simpson. Defendant's name was listed neither on the lease agreement nor on the utility bills. However, the key to the entire residence was found on defendant's person.

When the police arrested defendant he stated, "I don't have nothing on me. I don't live here." At that time, defendant denied living at, owning or leasing the residence. The defendant later recanted and claimed to live at the house when Hutchinson went through the inventory of seized property.

Defendant filed a Motion for Bond Reduction after his arrest in which he claimed that he only rented the bedroom in the house and disclaimed any control over or relation to the back room in which the cocaine was found.

Testimony of defendant's friend, Charles T. Wright, and codefendant indicated that defendant had lived at the above address five or six months and that defendant had held cookouts and socials at the house. Defendant had on one occasion leased a stereo system which was delivered to the residence in question.

At trial, defendant renewed his Motion to Suppress and the trial court granted the motion only with respect to his bedroom. The trial court, however, ruled that because defendant did not have legitimate expectations of privacy in the remainder of the house, he lacked standing to object to the admission of evidence found outside the bedroom. On the basis of this ruling, defendant appeals his conviction.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Charles H. Hobgood, for the State.*

*Office of the Appellate Defender, by Appellate Defender Malcolm Ray Hunter, Jr., for defendant.*

WELLS, Judge.

The defendant's only argument raised on appeal is that the trial court erred in denying defendant's Motion to Suppress evidence found in the area of the house outside his bedroom. We believe the trial court's ruling was correct.

Under the Fourth Amendment to the United States Constitution and its derivative, the exclusionary rule, a defendant may object to the admission of evidence obtained through an illegal or unreasonable governmental search only where defendant can demonstrate legitimate expectations of privacy to the place or item searched. *U.S. v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed. 2d 619 (1983); *State v. Austin,* 320 N.C. 276, 357 S.E. 2d 641 (1987); *State v. Alford,* 298 N.C. 465, 259 S.E. 2d 242 (1979). Determination of whether defendant has sufficient privacy expectations to the area searched depends upon whether defendant can show that his conduct indicated that he held an actual expectation of privacy (subjective) and whether defendant sought to preserve an item or place private and free from governmental invasion. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed. 2d 387 (1978); *Mancusi v. DeForte,* 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed. 2d 1154 (1968); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). And secondly, defendant must show that his expectation is one society is willing to recognize. *Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed. 2d 220 (1979).

Further, defendant must show that he has some control or dominion over the area or thing searched, *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960) (as by having the owner's permission to reside in place searched even when defendant resides there temporarily and does not pay rent—and in addition defendant has key to premises) such may be sufficient to confer standing to object. (Although the *Jones* "Legitimately on the premises" test has been significantly circumscribed, the defendant's authorized presence on the premises searched and control factors are no less valid today.) *Rakas, supra.*

In the present case, defendant's several disclaimers of having any property or possessory interest in the residence serve to undermine his claims regarding his expectations of privacy. Moreover, although defendant had utilized the house at 619 Mt. Vernon Street as a residence for some five or six months and possessed a key to the entire house, the Record fails to make clear the arrangement by which defendant came to reside in the house or by what authority defendant remained there. The evidence shows only that the premises were leased out to an Ella Simpson, whose identity and relationship with defendant remains unknown. Even if, as defendant contends, he leased the bedroom in the house,

that alone would not be sufficient to confer standing. Defendants, who are lessees, have standing only with respect to the premises leased by them — not any other areas however adjacent or connected to the leased premises. 29 Am. Jur. 2d "Evidence," § 419 (1967).

Defendant relies heavily on our Supreme Court's decision in *State v. Austin, supra,* in which the Court found legitimate expectations of privacy where defendant had actively lived in the premises searched, received mail there, kept his clothes there, gardened the surrounding yard and as evidenced by joint rent receipts, apparently paid some rent for the premises. In the case at bar, defendant's early disclaimers of ownership in the premises coupled with the lack of any evidence (i.e. lease agreement bearing defendant's name; utility bills addressed to defendant or any indication that defendant paid rent there) suggesting a rental relationship or possessory interest in the premises outside that of the bedroom served to take defendant's argument out from under *Austin.* Without any further showing that defendant occupied or maintained control of the *entirety* of the premises by way of the lessor's permission, an informal lease agreement or by some evidence that he paid rent for the premises, defendant has failed to show the required expectations of privacy respecting the remainder of the house outside his bedroom sufficiently to constitute standing. Defendant's assignment of error is overruled.

No error.

Judges PHILLIPS and PARKER concur.